**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**TYRONNE WADE, #139619**                                                       **PETITIONER**

**VERSUS**                              **NO. 1:11cv285-HSO-JMR**

**ELMORE SELLERS, WARDEN**                                                   **RESPONDENT**

**REPORT AND RECOMMENDATION**

This matter is before this Court on the petition for Writ of Habeas Corpus [1] filed by Petitioner, Tyronne Wade [Wade] pursuant to § 2254. Having considered the entire record and the applicable law, this Court makes the following recommendation regarding the petition.

**STATEMENT OF THE CASE**

Wade was convicted of possession of controlled substance with intent to distribute in the Circuit Court of Harrison County, Mississippi, on May 29, 2008, and sentenced to a term of ten years imprisonment in the custody of the Mississippi Department of Corrections. [1] Wade appealed his conviction to the Mississippi Supreme Court, which later affirmed the trial court's decision on September 29, 2009. [7-2.] Wade raises the following grounds in his Petition:

> Ground One: Denial of due process of law in violation of the 5th and 14th Amendments to the United States constitution. Specifically, Wade contends that the traffic stop was unconstitutional because he contends the stop was not made in good faith.
>
> Ground Two: Denial of due process of law in violation of the 5th and 14th Amendments to the United States constitution. Wade asserts that the canine sniff was uncalled for because Wade was not arrested prior to the dog sniff.
>
> Ground Three: Denial of due process of law in violation of the 5th and 14th amendments to the United States constitution. That counsel was not diligent in defending Wade; the Circuit Court Judge should have suppressed evidence and dismissed the indictment; conflict on part of counsel.

[1, p. 5.]

Wade outlines his grounds for *habeas* relief with the following assertions: (1) whether there was probable cause to stop; (2) whether his arrest was illegal; and (3) whether evidence should have been suppressed. [1, p. 2.] Wade's attorney at trial was Alvin Chase. [8-2, p. 2.] Wade filed a motion to suppress evidence and to dismiss the indictment in his state court proceedings. [8-4, p. 55 SEALED.] Following a hearing, the motion was denied. (*Id.*) The bench trial continued, and Wade was ultimately found guilty of possession of more than one kilogram of marijuana with intent to transfer or distribute. [8-4, pp. 58-9 SEALED.] Wade appealed his conviction, and the Court of Appeals affirmed the conviction, and the findings of the motion to suppress. *Wade v. State*, 33 So.3d 498 (Miss. 2009), *reh'g denied* April 27, 2010. Wade filed an Application for leave to Proceed in the Trial Court, which the Mississippi Supreme Court considered the petition a motion for post-conviction relief and denied the petition on December 9, 2009. [7-4.] On January 11, 2011, Wade filed a motion for application to proceed in trial court with the Mississippi Supreme Court which was denied on February 16, 2011. [8-5, p. 29.] Wade's next motion for post-conviction collateral relief on February 26, 2011, advancing arguments concerning the legality of the search and asserting ineffective assistance of counsel was denied on March 30, 2011. [8-5, pp. 2-28. SEALED.] Wade submitted this *habeas* petition on July 14, 2011, and it was filed on July 21, 2011, following receipt of a signature page from Wade. [1, 4.]

## **ANALYSIS**

According to the respondent, Wade alleged Fourth Amendment search and seizure violations in his petition. [7, p. 4.] The Mississippi Supreme Court and Court of Appeals reviewed this claim and found it to lack merit, according to the respondent. (*Id.*) The respondent argues that Fourth Amendment challenges are precluded from *habeas* review. (*Id.*)

Under the Antiterrorism and Effective Death Penalty Act [AEDPA], a petitioner is entitled to relief only if he can show that the state court decision which denied him relief was contrary to or an unreasonable application of clearly established Federal law. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied* 538 U.S. 969 (2003). A state court decision is "contrary to" clearing established Supreme Court precedent when the decision "applies a rule that contradicts the governing law" set out in cases or reaches an opposite result from a case with facts that are "materially indistinguishable." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court case is an unreasonable application of precedent when the state court correctly identifies legal principals from case law but unreasonably applies it to the facts of a case. *Williams*, 529 U.S. at 407.

I.  Fourth Amendment Claims

A federal court considering a *habeas* claim brought pursuant to § 2254 alleging Fourth Amendment claims should not review the state's factual findings to determine whether the petitioner's Fourth Amendment rights were violated. *Janecka v. Cockrell,* 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied* 537 U.S. 1196 (2003). The proper inquiry is whether "the State has provided an opportunity for full and fair litigation of the claim." *Stone v. Powell,* 428 U.S. 465, 494 (1976); *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012). Federal review of a fourth amendment claim is not called for simply because the federal court may have reached a different result than the state court. *Graves v. Estelle*, 556 F.2d 743, 745 (5th Cir. 1977). In this case the state courts afforded Wade a full hearing on this issue, both at the trial court level and on direct appeal, thus Wade's Fourth Amendment issue is not properly before this court on *habeas* review. *Wade*, 33 So.3d at 502-507. The Court recommends that Wade's claims for *habeas* relief based on an illegal search should be dismissed.

In addition, the Court finds that Wade's contentions regarding the use of the drug sniffing dog and the legality of that search lack merit. An alert by a drug-detecting dog provides probable cause to search. *United States v. Sanchez-Pena*, 336 F.3d 431, 444 (5th Cir. 2003).

II    <u>Fifth Amendment Claims</u>

Any alleged violations of Fifth Amendment to the United States Constitution must fail because the plaintiff has not named any federal officials as defendants. *See Jones v. City of Jackson,* 203 F.3d 875, 880 (5th Cir. 2000), *reh'g denied* (March 20, 2000). Wade has not alleged that Sellers was acting under authority of the federal government. The Court, therefore, recommends that Sellers is entitled to dismissal of Wade's Fifth Amendment claims.

III.    <u>Ineffective Assistance of Counsel</u>

An attorney renders constitutionally ineffective assistance where his performance was deficient and prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). "To establish an ineffective assistance claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's poor performance the result of the proceeding would have been different." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Wade must establish that he was prejudiced as a result of his attorney's performance. *Strickland,* 466 U.S. at 687–8. To establish prejudice, Wade must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. For the deficiency prong, counsel's performance is to be accorded " 'a heavy measure of deference.' " *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1408 (2011); *see Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied* 132 S.Ct. 1100 (2012).

Wade contends that his counsel was not familiar with his case, and that he had a conflict

of interest with another client. [1, p. 5.] Wade contends his counsel was not diligent in "testing the truthfulness of the deputies and material evidence." (*Id.*)

Wade raised the same arguments regarding counsel's performance in his motion for post-conviction relief. [8-5, p. 6.] That motion was denied by the state court. [8-5, p. 29.] Wade offers no evidence that if Chase had performed differently, the outcome of his proceeding would have been different. [8-2, pp. 2-78.] Therefore, the Court concludes that Wade's ineffective assistance of counsel claims fail because Chase did not fall below an objectively reasonable standard.

The Court finds that any assertion by petitioner that his trial counsel's performance was inadequate is without merit. Essentially, petitioner's same allegations concerning trial errors were examined by the Mississippi Court of Appeals, which previously concluded that Wade's arguments were without merit. *Wade*, 33 So.3d at 502-507. Wade has not established the requisite factors under *Strickland* to prove ineffective assistance of counsel. The Court finds no merit to any of Wade's claims and recommends that Wade's *habeas* petition be dismissed with prejudice.

## **CONCLUSION**

In summary, the petitioner has not shown the adjudication of his claims in state court resulted in a decision contrary to Federal law nor that it resulted in a decision based on an unreasonable determination of the facts. Therefore, the Court recommends that Wade's Petition for Writ of *Habeas Corpus* [1] be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than February 19, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in

5

whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address.

THIS the 5th day of February, 2013.

s/ John M. Roper, Sr.  
CHIEF UNITED STATES MAGISTRATE JUDGE