IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TYRONNE WADE**                                                                                          **PETITIONER**

**VERSUS**                                                   **CIVIL ACTION NO. 1:11cv285-HSO-JMR**

**ELMORE SELLERS,** *Warden*                                                              **RESPONDENT**

### MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Tyronne Wade's Objections [15] to the Report and Recommendation [13] of United States Magistrate Judge John M. Roper. After thoroughly reviewing the findings in the Report and Recommendation, the record, the position of Petitioner advanced in his Objections, and relevant law, the Court finds that Petitioner's Objections [15] should be overruled and that the Magistrate's Report and Recommendation [13] should be adopted as the finding of the Court, along with the additional findings made herein. Tyronne Wade's 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus should be denied and this case dismissed with prejudice.

I. BACKGROUND

A.  Introduction

On May 29, 2008, after a bench trial in the Circuit Court of Harrison County, Mississippi, Petitioner was found guilty of possession of more than one kilogram of marijuana with the intent to transfer or distribute. R. [8-4] at 55-59. Petitioner

was sentenced to twenty years in the custody of the Mississippi Department of Corrections with ten years to serve followed by ten years of postconviction supervision. *Id.* at 55-56. Petitioner's conviction was affirmed on direct appeal, and the Mississippi Supreme Court denied two Applications by Petitioner requesting leave to seek postconviction relief in the trial court. R. [8-5] at 2, 29. Now before the Court is Petitioner's 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus. Petitioner contends that he is in state custody in violation of the Constitution of the United States. Petitioner advances three claims: (1) unreasonable search and seizure in violation of the Fourth Amendment; (2) ineffective assistance of counsel in violation of the Sixth Amendment; and (3) denial of due process in violation of the Fifth and Fourteenth Amendments.

B.   Factual Background

On the morning of November 13, 2006, Petitioner was pulled over by a Harrison County, Mississippi, Sheriff's deputy. *Wade v. State of Mississippi,* 33 So. 3d 498, 502 (Miss. Ct. App. 2009). Petitioner was driving a rental car, a Dodge Magnum station wagon, and the car had no mounted license tag. *Id.* at 500. The deputy who initiated the stop testified that he pulled Petitioner over because the car did not appear to have a license tag. *Id.* As the deputy approached the car, he observed a paper temporary Alabama license tag displayed behind the car's rear window. *Id.* The deputy had not seen the tag before because it was obstructed by heavy tint and dirt on the car's rear window. *Id.*

The deputy asked Petitioner for his driver's license and proof of insurance. *Id.* Petitioner advised that the rental agreement covered the car's insurance. *Id.* According to the deputy, Petitioner's hands shook as he retrieved and provided a North Carolina driver's license and the rental car agreement. *Id.* The deputy asked Petitioner about his travels, and Petitioner indicated that he had just come from Beaumont, Texas, where he had visited his dying uncle. *Id.*

The deputy detected a strong odor of air freshener coming from Petitioner's car. R. [8-2] at 11. The deputy was suspicious that the air freshener was intended to mask the smell of narcotics. R. [8-2] at 15-17. He saw rosary beads and military dog tags hanging from the car's rearview window and a Bible in the center console. R. [8-2] at 11. The deputy was suspicious that these items were being used as a deception technique to convey the impression that Petitioner was a "good guy." R. [8-2] at 15-17.

The deputy explained to Petitioner that he had been stopped because his tag was obstructed from view, a traffic offense under Mississippi Code Section 27-19-323. R. [8-2] at 11-12; *Wade,* 33 So. 3d at 504. The deputy asked Petitioner to join him in his patrol car while he wrote Petitioner a warning citation for an improperly displayed tag. *Id.* at 501; R. [8-2] at 11-12. Petitioner and the deputy moved to the patrol car. At some point, the deputy called a dispatcher and requested a driver's license check and criminal history check on Petitioner. *Wade,* 33 So. 3d at 501; R. [8-2] at 12.

-3-

While sitting in the patrol car, the deputy engaged Petitioner in conversation. R. [8-2] at 12. He again asked Petitioner about his travels, and Petitioner responded, "where did I tell you I was coming from?" R. [8-2] at 12. The deputy asked Petitioner how his uncle was doing, and Petitioner, who before indicated that his uncle was dying, stated, "Oh, he is fine. I just went out there to visit him." R. [8-2] at 12. The deputy observed that Petitioner's breathing was heavy and that he was fidgeting. R. [8-2] at 12-13. The deputy reviewed Petitioner's rental car agreement, and it revealed that the rental car had been obtained in Harlingen, Texas, a Mexican border town over four hundred miles southwest of Beaumont, where Petitioner represented that he had been. R. [8-2] at 13. When the deputy received the results of Petitioner's criminal background check, they indicated that Petitioner had several prior drug-related arrests, one in Louisiana just six months earlier. R. [8-2] at 14.

The deputy testified:

> At that point based on the criminal history, the story, the differences in the story he was telling me where he was coming from and all of this, and the items that I saw displayed in the vehicle, with the air freshener – with the overwhelming odor of air freshener, that's when I asked for consent to search the vehicle by filling out a consent to search form.

R. [8-2] at 14.

Petitioner refused consent. *Wade,* 33 So. 3d at 501. The deputy then radioed for a K-9 unit. *Id.* Within approximately three minutes, a deputy and drug-detecting dog responded. *Id.* The K-9 unit arrived approximately seventeen

minutes after the traffic stop began. R. [8-2] at 20. Petitioner vocally protested as the dog walked around the rental car, and the dog soon alerted at the right and left rear quarter panels of the rental car. *Wade,* 33 So. 3d at 501. The deputies then searched the rental car and found sixty-six pounds of marijuana in three suitcases, two in the back cargo area and one on the passenger side of the back seat. *Id.* Petitioner was arrested at the scene. *Id.* He was indicted and charged with possession of more than one kilogram of marijuana with the intent to transfer or distribute. *Id.* Petitioner pleaded not guilty. *Id.* at 501-02.

The criminal case against Petitioner proceeded in the Circuit Court of Harrison County. On March 26, 2008, Petitioner's counsel filed a motion to suppress the evidence seized at the traffic stop and to dismiss the indictment against Petitioner. *Id*. at 501; R. [8-4] at 34. Petitioner alleged that the traffic stop was unlawful, and that even if the stop was lawful, it became unlawful after the reason for the stop had concluded. R. [8-2] at 56; *Wade,* 33 So. 3d at 501-02. Petitioner contended that he should have been allowed to leave after the deputy issued the warning citation but was instead detained until a drug-detecting dog arrived. R. [8-3] at 32. Petitioner maintained that his detention after the warning citation was issued was an unreasonable detention under the Fourth Amendment, requiring the suppression of the marijuana and other evidence seized from the car. R. [8-2] at 56; R. [8-3] at 32; *Wade,* 33 So. 3d at 502. After conducting an evidentiary hearing, the trial judge denied Petitioner's motion to suppress. R. [8-2]

at 2-79; R. [8-4] at 53.

Petitioner waived his right to a jury trial, and a bench trial commenced on May 1, 2008.  R. [8-1] at 52; R. [8-2] at 80.  During trial, Petitioner urged reconsideration of his motion to suppress.  The Circuit judge, after hearing the State's case, denied Petitioner's motion for reconsideration.  R. [8-2] at 87; R. [8-3] at 32-33.  Petitioner chose not to testify and rested his case without calling any witnesses or presenting any evidence.  R. [8-4] at 132.

On May 27, 2008, the trial judge issued his findings of fact and conclusions of law.  R. [8-4] at 55-59.  The trial judge found Petitioner guilty of possession of more than one kilogram of marijuana with the intent to transfer or distribute.  *Id.*  Petitioner was sentenced to twenty years in the custody of the Mississippi Department of Corrections with ten years to serve and ten years of postconviction supervision.  *Id.* at 55-56.

Petitioner, represented by counsel, directly appealed his conviction, raising one issue.  R. [8-4] at 8.  He asserted that the trial judge erred by denying his motion to suppress.  R. [8-4] at 8.  Finding no error, the Mississippi Court of Appeals affirmed Petitioner's conviction.  *Wade,* 33 So. 3d at 507.  Relying on *Gonzalez v. State,* 963 So. 2d 1138, 1141 (Miss. 2007), the Mississippi Court of Appeals found that the deputy's "decision to stop Wade was not unreasonable.  Deputy Senseney was not able to see Wade's license plate because it was displayed inside the heavily-tinted rear window of Wade's rental car, and the tag was further

obscured by a significant amount of dirt and dust." *Id.* at 505. The Court of Appeals determined that the traffic stop was legal because the deputy had probable cause to believe Petitioner had committed a traffic violation. *Id.* The Court of Appeals held that the deputy's further detention of Petitioner until the K-9 unit arrived was reasonable because the deputy developed a reasonable, articulable suspicion that Petitioner was engaged in smuggling narcotics. *Id.* at 506. In so concluding, the Court of Appeals found:

> Wade's prior criminal history, display of religious items, display of military "dog tags," and the presence of air fresheners may not, on their own or taken together, give rise to further detention of Wade. However, when viewed alongside Wade's nervous behavior and inconsistent statements about his trip, it is not unreasonable to suspect that the "dog tags," religious items, and heavy odor of air fresheners could be intended to conceal or distract from criminal behavior. Consequently, we cannot find that the circuit court erred when it determined that those circumstances, in conjunction with the inconsistencies in Wade's responses and his articulable nervous behavior, warranted Deputy Senseney's further investigation. . . .
>
> If, during a traffic stop, a law enforcement officer develops reasonable, articulable suspicion of criminal activity other than what was originally suspected, the scope of the officer's stop expands and includes the investigation of the newly-suspected criminal activity. *Tate v. State,* 946 So. 2d 376, 382 (¶ 18)(Miss. Ct. App. 2006). . . . Deputy Senseney had a legal basis to detain Wade until Deputy Huguet could resolve his reasonable suspicion through the dog's sniff test of Wade's car. The record reflects that it took just three minutes for Deputy Huguet to respond with a dog. Deputy Huguet's dog "alerted" and indicated that it smelled contraband. Those positive alerts created probable cause for Deputy Senseney and Deputy Huguet to search Wade's car. *McNeal v. State,* 617 So. 2d 999, 1006 (Miss. 1993).

*Id.* at 506-07.

Petitioner filed a motion for rehearing with the Mississippi Court of Appeals, which was denied. R. [8-4] at 95. On January 11, 2011, Petitioner, proceeding *pro se*, filed an Application with the Mississippi Supreme Court requesting leave to pursue postconviction relief in the trial court. R. [8-5] at 31-46; Miss. Code Ann. § 99-39-7. Petitioner again argued that the traffic stop and his subsequent detention were illegal. Petitioner also alleged ineffective assistance of counsel and denial of due process. R. [8-5] at 31-46. The Mississippi Supreme Court found Petitioner's claims to be without merit and denied Petitioner's Application on February 17, 2011. R. [8-5] at 29. On March 1, 2011, Petitioner filed a second Application for leave with the Mississippi Supreme Court to pursue postconviction relief in the trial court. R. [8-5] at 3-20. On March 30, 2011, the Mississippi Supreme Court found "[t]he present petition barred as a successive writ. Miss. Code Ann. § 99-39-27. Notwithstanding the procedural bar, the panel finds that the claims raised in the petition are without merit." R. [8-5] at 2.

On July 14, 2011, Petitioner filed the instant 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus in this Court. Petitioner asserts that the trial judge should have granted his motion to suppress, that he was denied effective assistance of counsel, and that he was denied due process. Pet. [1] at 4-5. The Magistrate Judge found no merit to Petitioner's claims and recommended that his Petition be denied. Based upon its review, the Court finds that the Magistrate Judge's Report and Recommendation [13] should be adopted as the opinion of the Court, along with the

additional findings made herein. Petitioner's Objections [15] should be overruled, his Petition for Writ of Habeas Corpus [1] denied, and this case dismissed.

## II. DISCUSSION

A. Standard of Review

Because Petitioner has filed written Objections [15] to the Magistrate Judge's Report and Recommendation [13], the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013); *see* 28 U.S.C. § 636(b)(1); Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert,* at *1. "The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997)." *Id.*

The Court's authority to grant relief to a person held in custody pursuant to a state judgment is narrowly circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat 1214 (1996). *Dorsey v. Stephens,* 720 F.3d 309, 314 (5th Cir. 2013). To the extent that a prisoner's claim was adjudicated on the merits in a state court

proceeding, § 2254(d) provides that a federal court may not grant habeas relief unless the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

Petitioner carries the burden of proof, and this burden is "difficult to meet." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011). Habeas corpus serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 131 S. Ct. 770, 786-87 (2011). "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Williams v. Taylor,* 529 U.S. 362, 365 (2000). The AEDPA presumes each factual finding by the state court is correct, and factual findings can only be disturbed if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

B.   Petitioner's Habeas Claims

    1.   Fourth Amendment Unreasonable Search and Seizure Claim

It is well settled that Fourth Amendment claims are generally not cognizable

on federal habeas review. *Stone v. Powell,* 428 U.S. 465, 480-81 (1976). In *Stone*, the United States Supreme Court held that "where the state has provided an opportunity for full and fair consideration of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at trial." 428 U.S. 465, 494 (1976).

The record confirms that the state courts provided Petitioner with sufficient opportunity for full and fair litigation of his Fourth Amendment claim. *Janecka v. Cockrell,* 301 F.3d 316, 320 (5th Cir. 2002). Petitioner's Fourth Amendment claim was considered during pretrial proceedings, at trial, on direct appeal, and on postconviction review. Both the trial judge and Mississippi Court of Appeals issued thorough, legally-supported opinions on the claim. *Wade,* 33 So. 3d at 498; R. [8-4] at 55-59. Petitioner's Fourth Amendment claim is therefore barred from federal review by *Stone*. Even if it were not barred, Petitioner has not demonstrated that the state court's adjudication of his Fourth Amendment claim was contrary to or an unreasonable application of clearly established federal law. Petitioner's Fourth Amendment claim should be dismissed.

      2.    <u>Sixth Amendment Ineffective Assistance of Counsel Claim</u>

To establish ineffective assistance of counsel, Petitioner bears the burden of proving two components, deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Counsel's performance is deficient only if he

makes errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded the presumption of competency, he was not functioning as "counsel" guaranteed by the Sixth Amendment. *Id*. at 687-89. Prejudice exists only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability to undermine confidence in the outcome." *Id*. at 694. The Court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992).

Petitioner's ineffective assistance of counsel claim is stated in his Petition as follows:

> Whether counsel brought to bear the level of effectiveness in being familiar with petitioner's case and not using the same representation as for another client.
>
> Whether counsel's other duty with the state was conflicting in his interst [sic] and loyalty to petitioner.
>
> Whether counsel rendered his due diligence or reasonable diligence that law requires in testing the truthfulness of the deputies and material evidence.

Pet. [1] at 5.

Petitioner does not address his ineffective assistance of counsel claim in his Reply [10] to Respondent's Answer [7], and his Objections [15] provide only one additional factual detail regarding this claim. Petitioner there submits that his trial counsel had a conflict of interest because he "was a Judge and an attorney . . .

." Objs. [15] at 5.  Petitioner does not explain why he contends his counsel's position as "a Judge and an attorney" created a conflict of interest, why he alleges that his counsel was unfamiliar with his case, or how counsel was purportedly not diligent "in testing the truthfulness of the deputies and material evidence."  Petitioner cites cases in his Objections which address ineffective assistance of counsel claims but does not explain how the authority cited applies to his claim and the facts here.

An ineffective assistance of counsel claim must be stated with specificity, and Petitioner's is not.  *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990).  Summarily reciting general complaints about counsel's performance without discussing their specific factual basis or how application of the law purportedly justifies relief does not state a claim for habeas review.  *Hughes v. Dretke,* 412 F.3d 582, 597 (5th Cir. 2005); *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000)("[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

Petitioner asserted the same ineffective assistance of counsel claim, albeit with slightly more detail, in his Applications to the Mississippi Supreme Court requesting leave to seek postconviction relief.  R. [8-5] at 3-46.  In both Orders denying Petitioner's Applications, the Mississippi Supreme Court found that all of Petitioner's claims, including his ineffective assistance of counsel claim, were without merit.  R. [8-5] at 2, 29.  Petitioner has not established that the Mississippi Supreme Court's conclusion in this regard was contrary to or an unreasonable interpretation of clearly established federal law.  Furthermore, the record reflects

that Petitioner's counsel actively advocated Petitioner's defense throughout the pretrial, trial, and direct appeal proceedings. Petitioner's ineffective assistance of counsel claim should be dismissed.

### 3. Fifth and Fourteenth Amendment Due Process Claim

Petitioner next alleges in his Petition that he was "deni[ed] due process of law in violation of the 5th and 14th Amendments to the United States Constitution." Pet. [1] at 4-5. Petitioner does not explain the factual basis for his due process claim in either his Petition [1] or his Reply [10] to Respondent's Answer. In his Objections, Petitioner cites law addressing due process claims but does not explain how the authority cited applies to this case. Objs. [15] at 3. Petitioner's conclusory due process claim, unsupported by specific facts and application of those facts to the law, is insufficient to raise a constitutional issue in a habeas proceeding. *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983). Furthermore, the Mississippi Supreme Court, when reviewing Petitioner's Applications for postconviction relief, twice found that Petitioner's claims, including his due process claim, were without merit. R. [8-4] at 8; R. [8-5] at 2, 29. Petitioner has not established that the Mississippi Supreme Court's conclusion in this regard was contrary to or an unreasonable interpretation of clearly established federal law. Petitioner's due process claim should also be dismissed.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Objections [15] should be overruled, the Magistrate Judge's Report and Recommendation [13] should be adopted as the

finding of the Court along with the additional findings made herein, and Petitioner's Petition [1] for Writ of Habeas Corpus should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner Tyronne Wade's Objections [15] to the Report and Recommendation [13] of United States Magistrate Judge John M. Roper are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Magistrate's Report and Recommendation [13] is adopted as the finding of the Court, along with the additional findings made herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [1] filed by Petitioner Tyronne Wade is **DENIED**. This case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 14th day of April, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE